Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| OSCAR PÉREZ RIVERA, OSCAR PÉREZ VÉLEZ, ORLANDO NIEVES SIERRA; AXXEZA CONSULTING GROUP, LLC.<br><br>Recurrido<br><br>v.<br><br>RICARDO J. RODRÍGUEZ RAMOS; PUERTO RICO DISTRIBUTION AND SALES SERVICES, LLC., WIRELESS INDUSTRIES, CORP.<br><br>Peticionarios | KLCE202400567 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Cobro de Dinero, Dolo, Incumplimiento de Contrato, Enriquecimiento Injusto y Daños<br><br>Caso Núm.: BY2021CV02818 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparecen ante nos el Sr. Ricardo J. Rodríguez Ramos, Puerto Rico Distribution and Sales Services, LLC. y Wireless Industries, Corp., (en adelante, "peticionarios y/o codemandados"), mediante el recurso de *certiorari* para que revoquemos la *Sentencia Parcial* emitida el 15 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI").

En su dictamen, el TPI desestimó la acción contra la Sra. Evelyn Falcón Pabón y la inexistente Sociedad Legal de Gananciales. Además, desestimó la reclamación personal presentada por el Sr. Orlando Nieves Sierra. No obstante, el aludido foro denegó la solicitud de sentencia sumaria y ordenó la continuidad de los

---

[1] Notificada el 16 de febrero de 2024.

procesos. Oportunamente, los peticionarios-codemandados solicitaron la reconsideración, sin embargo, el TPI mantuvo su determinación.[2]

Por los fundamentos que se exponen a continuación, **denegamos** el auto de *certiorari* solicitado. **Veamos.**

**-I-**

El **20 de julio de 2021**, el Sr. Oscar Pérez Rivera, Sr. Oscar Pérez Vélez, Sr. Orlando Nieves Sierra y Axxeza Consulting Group LLC (en adelante, "recurridos–demandantes") instaron una *Demanda* en contra los peticionarios-codemandados e incluyeron a la Sra. Evelyn Falcón Pabón (en adelante, "señora Falcón Pabón–codemandada") y la Sociedad Legal de Gananciales compuesta por ésta y el Sr. Ricardo Rodríguez Ramos (en adelante, "SLG").[3] Entre otras cosas, reclamaron incumplimiento de contrato, cobro de dinero y daños.

El **27 de octubre de 2021** los peticionarios-codemandados contestaron la demanda y presentaron una reconvención.[4] De igual forma, el **16 de diciembre de 2021** la señora Falcón Pabón contestó la demanda y solicitó la desestimación de la misma,[5] pues existían unas Capitulaciones Matrimoniales de separación total de bienes entre ella y el Sr. Ricardo Rodríguez Ramos (en adelante, "señor Rodríguez Ramos").

El **27 de noviembre de 2023** los peticionarios-codemandados junto a la señora Falcón Pabón presentaron una *Solicitud de Sentencia Sumaria*,[6] en la que solicitaron la desestimación de la demanda. Reclamaron, además que, se desestimará la acción del Sr. Orlando Nieves Sierra por no tener una reclamación personal y por habérsele satisfecho las deudas que alegaba. Anejaron a la solicitud

---

[2] Emitida el 21 de abril de 2024 y notificada el 22 de abril de 2024.
[3] Apéndice XI del *Certiorari,* págs. 208 – 213.
[4] Apéndice X del *Certiorari,* págs. 201 – 207.
[5] Apéndice IX del *Certiorari,* págs. 197 – 200.
[6] Apéndice VI del *Certiorari,* págs. 134 – 187.

la siguiente documentación: **(1)** Fotocopia de la Escritura 71 "Capitulaciones Matrimoniales" de los otorgantes Ricardo Javier Rodríguez Ramos y la señora Falcón Pabón.[7] **(2)** Varias tablas con sumas de dinero.[8] **(3)** Copia de un cheque con la suma $40,500.00 a favor del señor Oscar Pérez Rivera.[9]

El **29 de diciembre de 2023** los recurridos–demandantes sometieron un documento intitulado: *"Réplica a moción de Sentencia Sumaria en Cumplimiento de Orden".*[10] En síntesis, arguyeron que habían hechos sustanciales que impedían resolver sumariamente la reclamación. Incluyeron los siguientes documentos: **(1)** Pagaré con fecha de vencimiento del 16 de junio de 2017;[11] **(2)** Pagaré con fecha de vencimiento del 24 de septiembre de 2017;[12] **(3)** Correos electrónicos;[13] **(4)** Certificado de cumplimento de Wireless Industry, Corp. hasta el 1 de noviembre de 2019 emitido por el Departamento de Estado;[14] **(5)** Certificado de Renovación del Certificado de Incorporación Wireless Industry, Corp. (31 de diciembre de 2019);[15] **(6)** Declaraciones Juradas del señor Pérez Vélez con fecha del 28 de diciembre de 2023, entre otros.[16]

Trabada ahí la controversia, el **15 de febrero de 2024** el TPI dictó una *Sentencia Parcial,*[17] en la que hizo las siguientes determinaciones de hechos incontrovertidos:

1. *Wireless era una corporación con fines de lucro y persona jurídica disuelta, ya que se revocó el certificado de incorporación, el 31 de diciembre de 2019, cuyo número de registro es el 198903.*
2. *La fecha de inscripción de Wireless fue el 24 de agosto de 2010.*
3. *El señor Pérez Rivera entregó el cheque núm. 457 del 5 de marzo de 2014, por $26,000.00, a favor de Wireless, el*

---

[7] *Ídem*, a las págs. 164 – 172.
[8] *Íd.*, a las págs. 173 – 186.
[9] *Íd.*, a la pág. 187.
[10] Apéndice V del *Certiorari*, págs. 46 – 133.
[11] *Íd.*, a las págs. 58, 60.
[12] *Íd.*, a la pág. 59.
[13] *Íd.*, a las págs. 61, 62 – 64.
[14] *Íd.*, a la pág. 65.
[15] *Íd.*, a la pág. 66.
[16] *Íd.*, a las págs. 73, 81.
[17] Apéndice IV del *Certiorari*, págs. 30 – 45.

*cual fue cobrado el 6 de marzo de 2014, y el cheque número 524 del 22 de mayo de 2014 a favor de Wireless por $8,500.00, cobrado el 23 de mayo de 2014.*

4. *PR Distribution es una compañía de responsabilidad limitada con fines de lucro y persona jurídica activa, cuyo número de registro es el 305410.*

5. *PR Distribution fue inscrito el 24 de octubre de 2011.*

6. *El señor Pérez Rivera invitó a su cuñado, el Sr. Rafael Muratti (señor Muratti) a participar de la inversión, pero por desconocer al señor Rodríguez, el señor Muratti opta por prestarle el dinero al señor Pérez Rivera, para que este, a su vez, lo invirtiera con el señor Rodríguez. El señor Muratti, a través de la cuenta de San Fernando Shell (negocio de Muratti), le prestó al señor Pérez Rivera $30,000.00, mediante el cheque número 1112, o del 24 de octubre de 2017, que fue endosado por Pérez el señor Pérez Rivera y depositado en la cuenta de PR Distribution.*

7. *Axxeza es una compañía de responsabilidad limitada con fines de lucro y persona jurídica activa.*

8. *El señor Nieves no realizó un negocio personal con el señor Rodríguez o PR Distribution, sino como representante de Axxeza.*

9. *La señora Falcón y el señor Rodríguez se casaron por capitulaciones matrimoniales, y ella no tiene una deuda personal con los demandantes.*[18]

No obstante, señaló que existía controversia sobre los siguientes hechos:

1. *Si el señor Rodríguez engañó, cometió fraude o dolo en contra de alguno de los demandantes.*

2. *Si los negocios jurídicos realizados por las partes fueron realizados de manera personal o a través de las empresas del señor Rodríguez.*

3. *Si el señor Rodríguez, Wireless o PR Distribution le adeudan alguna cantidad al señor Pérez Rivera.*

4. *Si el señor Rodríguez, Wireless o PR Distribution le adeudan alguna cantidad al señor Pérez Vélez.*

5. *Si el señor Rodríguez, Wireless o PR Distribution le adeudan alguna cantidad a Axxeza.*[19]

Por lo tanto, el TPI resolvió que se debía desestimar la acción contra la señora Falcón Pabón y la supuesta SLG.[20] De igual forma, determinó que no procedía la reclamación contra el Sr. Orlando Nieves Sierra, dado que los hechos demostraban que éste

---

[18] *Ídem*, a las págs. 34 – 35.

[19] *Íd.*, a la pág. 35.

[20] El TPI expresó, en lo pertinente, que; *"[l]a señora Falcón no tiene responsabilidad personal sobre los hechos y esto es reconocido por los demandantes […]. Entonces, podemos desestimar la acción en su contra. Igualmente, es preciso señalar que la señora Falcon se casó con el señor Rodríguez, mediante capitulaciones matrimoniales, por lo que tampoco existe una sociedad de bienes gananciales".* Véase; Apéndice IV del *Certiorari*, pág. 44.

representaba a Axxeza, y no a su persona.[21] Por lo cual, concluyó que:

> [E]valuadas las mociones presentadas y adoptados por referencia los fundamentos antes expuestos, haciéndolos formar parte integral de la presente "Sentencia parcial", y conforme a la Regla 42.3 de Procedimiento Civil de 2009, al no existir razón para posponer dictar sentencia sobre las partes de lo alegado en la "Solicitud de sentencia sumaria" (Entrada 84), presentada parte codemandada, el Sr. Ricardo Javier Rodríguez Ramos y su esposa, la Sr. Evelyn Falcón Pabón, se desestima la acción en contra de la señora Falcón y contra la sociedad de bienes gananciales por ser inexistente. También, desestimamos la acción personal presentada por el Sr. Orlando Nieves Sierra. Se deniega el resto de la solicitud de sentencia sumaria, por lo que el pleito continuará con su trámite ordinario.[22]

Inconformes, el **4 de marzo de 2024** los peticionarios-codemandados presentaron una *Solicitud de Reconsideración*.[23] Por lo que el **19 de abril de 2024** los recurridos–demandantes se opusieron.[24] Así, el **21 de abril de 2024** el TPI emitió una *Resolución*,[25] en la cual declaró *No Ha Lugar* la solicitud de reconsideración.[26]

El **22 de mayo de 2024** los peticionarios-codemandados presentaron antes nos el recurso de *certiorari* y señalaron la comisión de cuatro (4) errores:

> **PRIMER ERROR:** *EL HONORABLE TRIBUNAL DE INSTANCIA COMETIÓ ERROR DE DERECHO, AL RESOLVER QUE ES UNA CONTROVERSIA DE HECHOS "SI EL SEÑOR RODRÍGUEZ ENGAÑÓ, COMETIÓ FRAUDE O DOLO EN CONTRA DE ALGUNO DE LOS DEMANDANTES".*
>
> **SEGUNDO ERROR:** *EL HONORABLE TRIBUNAL DE INSTANCIA COMETIÓ ERROR DE DERECHO AL RESOLVER QUE ES UNA CONTROVERSIA DE HECHOS "SI LOS NEGOCIOS JURÍDICOS REALIZADOS POR LAS PARTES FUERON REALIZADOS DE MANERA PERSONAL O A TRAVÉS DE LAS EMPRESAS DEL SEÑOR RODRÍGUEZ".*
>
> **TERCER ERROR:** *EL HONORABLE TRIBUNAL DE INSTANCIA COMETIÓ ERROR DE DERECHO AL RESOLVER QUE ES UNA CONTROVERSIA DE HECHOS "SI EL SEÑOR RODRÍGUEZ, WIRELESS O PR DISTRIBUTION LE ADEUDAN*

---

[21] El TPI añadió que; *"[d]e los pagarés emitidos por el señor Rodríguez, pues los mismos se emitieron no a favor de la empresa y no del señor Nieves. Es más, de la oposición queda claro que el señor Nieves no compareció de manera personal, sino como representante de Axxeza"*. *Véase*; Apéndice IV del *Certiorari*, pág. 44.

[22] Apéndice IV del *Certiorari*, pág. 45.

[23] Apéndice III del *Certiorari*, págs. 10 – 29.

[24] Apéndice II del *Certiorari*, págs. 3 – 9.

[25] Notificada el 22 de abril de 2024.

[26] Apéndice I del *Certiorari*, págs. 1 – 2.

*ALGUNA CANTIDAD AL SEÑOR PÉREZ RIVERA, AL SEÑOR PÉREZ VÉLEZ Y/O AXXEZA".*

***CUARTO ERROR:*** *EL HONORABLE TRIBUNAL DE INSTANCIA COMETIÓ ERROR DE DERECHO, AL RESOLVER QUE ES UNA CONTROVERSIA DE HECHOS "AL NO IMPONER RESPONSABILIDAD PERSONAL AL SR. OSCAR PÉREZ RIVERA, QUIEN ERA SOCIO DEL SR. RODRÍGUEZ RAMOS Y, AL FIN Y AL CABO, FUE QUIEN INSTÓ A LOS DEMÁS CODEMANDANTES A REALIZAR INVERSIONES EN WIRELESS INDUSTRIES, CORP. Y PR DISTRIBUTION SALES SERVICES, LLC. ADEMÁS DE CONTRAER DEUDAS PERSONALES A FAVOR DE LAS PARTES".*

El **10 de junio de 2024** los recurridos–demandantes presentaron su oposición a la expedición del recurso.[27] Luego de varias incidencias procesales, dimos por sometido el asunto.

-II-

-A-

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior".*[28] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción".*[29]

Por su parte, la Regla 52.1 de Procedimiento Civil,[30] delimita las instancias en que este foro habrá de atender y revisar mediante este recurso las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

*[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que*

---

[27] Cabe señalar que la comparecencia del escrito sometido por los recurridos está errónea, ya que se identificaron como *"demandada–recurrente"*, cuando debió decir *"demandante–recurrido".*

[28] *Mun. Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[29] *García v. Asociación,* 165 DPR 311, 321 (2005).

[30] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

*revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[31]

Con el objetivo de que podamos ejercer de una manera sabia y prudente la facultad discrecional que ha sido delegada a este Tribunal —de entender o no en los méritos del asunto esbozado en este recurso— nuestros oficios se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones.[32]

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [33]

Por lo que, al tener discreción judicial el foro apelativo, este tiene la reserva para expedir o denegar el auto. Nuestro Alto Foro Judicial ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[34]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales

---

[31] *Ídem.*
[32] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[33] *Íd.*
[34] *Íd.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[35]

**-III-**

En síntesis, los peticionarios-codemandados plantean que el TPI incidió al declarar que existe controversia sobre hechos materiales, entre otros sobre: **(1)** las actuaciones del señor Rodríguez Ramos contra los recurridos–demandantes; **(2)** de los negocios jurídicos realizados; y, **(3)** de la existencia de alguna deuda. Por lo cual, aducen que la moción de sentencia sumaria fue denegada erróneamente.

Al examinar la determinación recurrida, concluimos que el TPI actuó razonablemente al declarar *No Ha Lugar* la sumaria sometida. Adoptamos —tanto las determinaciones de hechos materiales en controversia como las incontrovertidas— que obran en la *Sentencia Parcial*. Es decir, existen hechos materiales que están en controversia e impiden disponer del caso sumariamente a favor de los peticionarios-codemandados.

Por lo tanto, resolvemos que el presente caso no presenta ninguna de las circunstancias contempladas en la referida Regla 52.1 de Procedimiento Civil. Tampoco, surge prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con prejuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, no es irrazonable la continuación de los procesos para que se proceda a dilucidar aquellas cuestiones de credibilidad sobre los asuntos en controversia.

En consecuencia, la determinación recurrida merece nuestra deferencia, por lo que no variaremos su dictamen.

---

[35] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).

**-IV-**

Por lo antes expuesto, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**-IV-**

Por lo antes expuesto, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.